FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 3 1 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. '10 - CV - 02118 BNB

(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

JONATHAN LEE RICHES, a/k/a
BERNARD L. MADOFF, d/b/a
FAISAL SHAHZAD,

    Plaintiff,

v.

LEAVE IT TO BEAVER, et al.,

    Defendants.

## ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION AND DIRECTING PLAINTIFF TO CURE DEFICIENCY AND TO SHOW CAUSE

Plaintiff, Jonathan Lee Riches, attempted to initiate this action by submitting *pro se* a document. This is one of twenty-five cases Mr. Riches attempted to initiate on August 20 and 23, 2010. He has failed either to pay the $350.00 filing fee or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the Court has determined that the submitted document is deficient as described in this order. Notwithstanding the deficiencies, the clerk of the court will be directed to commence a civil action. Plaintiff will be directed to cure the following if he wishes to pursue his claims. Any papers that Plaintiff files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit:**
(1)  _X_   is not submitted
(2)  ___   is missing affidavit
(3)  _X_   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  ___   is missing certificate showing current balance in prison account
(5)  ___   is missing required financial information
(6)  ___   is missing an original signature by the prisoner
(7)  ___   is not on proper form (must use the court's current form)
(8)  ___   names in caption do not match names in caption of complaint, petition or habeas application
(9)  ___   An original and a copy have not been received by the court. Only an original has been received.
(10) _X_   other: <u>Motion is necessary only if $350.00 filing fee is not paid in advance.</u>

**Complaint, Petition or Application:**
(11) _X_   is not submitted
(12) ___   is not on proper form (must use the court's current form)
(13) ___   is missing an original signature by the prisoner
(14) ___   is missing page nos. ___
(15) ___   uses et al. instead of listing all parties in caption
(16) ___   An original and a copy have not been received by the court. Only an original has been received.
(17) ___   Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) ___   names in caption do not match names in text
(19) ___   other _____

The Court must construe Mr. Riches's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Riches also will be ordered to show cause why filing restrictions should not be imposed against him for his repetitive and abusive filings.

The instant action is yet another example of the attempts by Mr. Riches, using absurd aliases, to initiate cases in this Court that make bizarre or absurd allegations,

2

often naming as defendants newsmakers and celebrities, both fictional and nonfictional. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

Mr. Riches has been warned that the Court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989) (per curiam). "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Id.* at 353 (citation omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 U.S. 1070, 1077 (10th Cir. 2007).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Id.*

Sanctions may be imposed under Fed. R. Civ. P. 11(c), even against a *pro se* plaintiff, if a pleading or other paper lacks "claims, defenses, and other legal contentions . . . warranted by existing law" and the "factual contentions" lack "evidentiary support." *See* Fed. R. Civ. P. 11(b) (imposing same standard on both attorneys and "unrepresented part[ies])." In order to comply with Rule 11 and avoid

3

sanctions thereunder, a *pro se* party's actions must be objectively reasonable. ***White v. Gen. Motors Corp.***, 908 F.2d 675, 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See **Ketchum v. Cruz***, 961 F.2d 916, 921 (10th Cir. 1992); ***Winslow v. Romer***, 759 F. Supp. 670, 677-78 (D. Colo. 1991); ***Colorado ex rel. Colo. Judicial Dep't v. Fleming***, 726 F. Supp. 1216, 1221 (D. Colo. 1989). A plaintiff has the right to notice and to oppose, in writing, the imposition of future restrictions. *See **Tripati***, 878 F.2d at 354. Therefore, Mr. Riches will be ordered to show cause why filing restrictions should not be imposed against him for his repetitive and abusive filings.

If the Court finds that Mr. Riches's abusive history of filing actions demonstrates that imposition of filing restrictions is appropriate, the Court will prohibit Mr. Riches from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado unless he obtains permission to proceed *pro se*. In order to obtain permission to proceed *pro se*, Mr. Riches will be directed to take the following steps:

1. File with the clerk of this Court a motion requesting leave to file a *pro se* action.

2. Include in the motion requesting leave to file a *pro se* action the following information:

    A. A list of all lawsuits currently pending or filed previously in the District of Colorado, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each

       case; and

    B.    A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of Colorado. If so, he must cite the case number and docket number where the legal issues previously have been raised.

    3.    Submit the proposed new pleading to be filed in the *pro se* action.

The motion requesting leave to file a *pro se* action and the proposed new pleading shall be submitted to the clerk of the Court, who shall forward them to the judicial officer designated by the Chief Judge pursuant to D.C.COLO.CivR 8.1C. for review. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

Finally, as noted above, Mr. Riches must be given an opportunity to oppose imposition of these filing restrictions before they may be implemented. Therefore, Mr. Riches will be directed to show cause why the filing restrictions discussed in this order should not be imposed. If Mr. Riches fails to show good cause within the time allowed, the filing restrictions will be imposed whether or not he cures the designated deficiencies.

Accordingly, it is

ORDERED that the clerk of the court commence a civil action in this matter. It is

FURTHER ORDERED that Plaintiff, Jonathan Lee Riches, cure the deficiencies designated above **within thirty (30) days from the date of this order.** Any papers

that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that the clerk of the Court mail to Plaintiff, together with a copy of this order, two copies of the following forms to be used in curing the designated deficiencies: Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint. It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff show cause **within thirty (30) days from the date of this order** why filing restrictions should not be imposed against him for his repetitive and abusive filings. It is

FURTHER ORDERED that, if Plaintiff fails to show cause within the time allowed, the filing restrictions will be imposed whether or not he cures the designated deficiencies.

DATED at Denver, Colorado, this 26th day of August, 2010.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-CV-02118

Jonathan Lee Riches
a/k/a Bernard Madoff
Reg No. 40948-018
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint forms** to the above-named individuals on 8/31/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk